# COURT OF APPEALS
## DECISION
## DATED AND FILED

## December 12, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2024AP1877-CR**

Cir. Ct. No. 2024CM1291

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT IV**

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

L.J.T., JR.,

    DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Dane County: NICHOLAS J. MCNAMARA, Judge. *Reversed and cause remanded with directions*.

¶1    GRAHAM, J.[1]   L.J.T. appeals a circuit court order that found him not competent to stand trial in this criminal misdemeanor case and committed him

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version.

to the custody of the Wisconsin Department of Health Services (DHS) for treatment to competency. In its response, the State concedes that the commitment order should be reversed because the State cannot demonstrate that L.J.T. knowingly, intelligently, and voluntarily waived his right to counsel and was competent to represent himself at the competency hearing. I reverse the commitment order and remand for additional proceedings.

¶2 The criminal complaint in this case, Dane County Case No. 2024CM1291, charged L.J.T. with one count of disorderly conduct and one count of misdemeanor bail jumping. The charges stemmed from L.J.T.'s behavior at a convenience store on June 5, 2024. L.J.T. was also charged with another count of disorderly conduct in a separate case, Dane County Case No. 2024CM931, based on an incident that occurred on a public street.[2]

¶3 Questions were raised about L.J.T.'s competency to be tried.[3] The circuit court ordered an examination pursuant to WIS. STAT. § 971.14(2), and

---

[2] For purposes of this appeal, I take judicial notice of the electronic docket of this separate case, which is available on Wisconsin's Consolidated Court Automation Program, commonly known as CCAP. *See* WIS. STAT. § 902.01(2)(b); ***Kirk v. Credit Acceptance Corp.***, 2013 WI App 32, ¶5 n.1, 346 Wis. 2d 635, 829 N.W.2d 522 (concluding that we may take judicial notice of the entry of records on CCAP).

[3] Under WIS. STAT. § 971.13(1), "[n]o person who lacks substantial mental capacity to understand the proceedings or assist in [their] own defense may be tried, convicted or sentenced for the commission of an offense so long as the incapacity endures." "[W]henever there is a reason to doubt a defendant's competency to proceed," a circuit court should conduct proceedings to determine whether the defendant is competent after finding probable cause that the defendant committed the charged offense. WIS. STAT. § 971.14(1r)(a), (c). If the court determines that a defendant is incompetent but may be restored to competency through treatment, the court "shall suspend the [criminal] proceedings and commit the defendant to the custody of [DHS] for treatment," and DHS has a limited window of time to attempt to restore the defendant's competency. *See* § 971.14(5)(a)1. In this opinion, I refer to this limited treatment window as the "statutory timeframe."

Dr. Amelia Fystrom, a licensed psychologist, conducted the examination and submitted a report.

¶4     The state public defender's office appointed an attorney to represent L.J.T. The appointed attorney appeared at the scheduled competency hearing on July 18, 2024, but L.J.T. was adamant that he did not want the attorney to represent him, and that he wanted to represent himself.

¶5     At the outset of the hearing, the circuit court confirmed L.J.T.'s desire to proceed without counsel, and it conducted a colloquy with L.J.T. that was aimed at gauging whether his waiver of counsel was knowing, intelligent, and voluntary. *See State v. Klessig*, 211 Wis. 2d 194, 206, 564 N.W.2d 716 (1997) (mandating the use of a colloquy to assess a defendant's waiver of counsel). During the colloquy, L.J.T. appeared to acknowledge that he understood that there were advantages to being represented by an attorney; that an attorney would be appointed to represent him if he could not afford to retain an attorney; and that he was making the decision to waive his right to counsel freely and voluntarily. However, other answers L.J.T. gave during the colloquy were unresponsive to the court's questions and at least arguably evinced delusional thinking.

¶6     Following the colloquy, the circuit court found that L.J.T. "made a knowing, intelligent and voluntary waiver" of his right to counsel for purposes of the competency hearing. The court acknowledged that "[t]his is somewhat provisional," but it explained that L.J.T. had been "adamant" and "strident" about "rejecting the assistance of a lawyer at this point." The court stated that, "for purposes of this hearing," it was satisfied that the required showings had been made. The appointed attorney remained in the courtroom, but L.J.T. proceeded to represent himself at the hearing.

¶7     Dr. Fystrom, who was the sole witness at the hearing, testified that her evaluation was based on her interview with L.J.T., and her review of court documents and prior competency evaluations. Consistent with her report, Fystrom testified that she diagnosed L.J.T. with schizophrenia. She further testified that, although L.J.T. had "an understanding of the basic legal process and his plea options," "his mental health symptoms [were] significantly impairing his ability to rationally use this information to make informed legal decisions." Fystrom opined that L.J.T. could not be treated to competency within the statutory timeframe for the disorderly conduct charges, but that he could be restored to competency within the statutory timeframe on the bail-jumping charge.

¶8     L.J.T. attempted to cross-examine Dr. Fystrom, but the circuit court eventually stopped the cross-examination because L.J.T.'s questions were not legally relevant. Similarly, when L.J.T. attempted to testify on his own behalf, he provided information that did not directly pertain to the issues that were the subject of the hearing.

¶9     After going off the record and allowing L.J.T. to speak freely, the circuit court made the following remarks:

> During approximately three minutes off the record the court allowed [L.J.T.] to just speak freely. He was basically stream of consciousness on various conspiracy theories involving politicians, local prosecutors and national conspiracy (inaudible). Based on the record here, [and] all of the information available to me, primarily the testimony of [Dr. Fystrom], I do find the State's established by evidence that's clear and convincing that right now [L.J.T.] is not competent.

¶10    The circuit court further determined that L.J.T. was not likely to be restored to competency within the statutory timeframe for a disorderly conduct charge, but that he was likely to be restored to competency within the statutory

timeframe on the bail-jumping charge. The court dismissed Case No. 2024CM931, which involved the separate disorderly conduct count, and committed L.J.T. to DHS's custody for restoration to competency for purposes of Case No. 2024CM1291. *See* WIS. STAT. § 971.14.[4]

¶11 Appellate counsel was appointed to represent L.J.T. and filed a notice of appeal, which challenges the July 18, 2024 commitment order.[5]

¶12 On appeal, L.J.T. argues that the commitment order must be reversed because the record does not demonstrate that he knowingly, intelligently, and voluntarily waived his right to counsel, and further, because the record demonstrated that he was not competent to represent himself.[6] Accordingly, L.J.T. asks me to reverse the commitment order and remand the matter to the circuit court with instructions to hold a new hearing. In its response, the State concedes that it cannot "affirmatively show" that L.J.T. knowingly, intelligently, and voluntarily waived his right to counsel, and that L.J.T. should have been represented by counsel at the hearing.

---

[4] L.J.T.'s appointed counsel filed a motion for reconsideration asking the circuit court to reconsider its determinations that L.J.T. was competent to represent himself at the competency hearing and that L.J.T. was likely to be restored to competency within the statutory timeframe. The record does not reflect that the court addressed this reconsideration motion.

[5] Appeals of orders entered under WIS. STAT. § 971.14 are now subject to expedited deadlines under WIS. STAT. RULE 809.109. One purpose of expediting the deadlines is the short statutory timeframe for treatment-to-competency cases, and the concern that unless these appeals are expedited, it is unlikely that a decision could issue before the statutory timeframe has elapsed.

[6] *See* **State v. Klessig**, 211 Wis. 2d 194, 204, 564 N.W.2d 716 (1997) ("Nonwaiver [of the right to counsel] is presumed unless waiver is affirmatively shown to be knowing, intelligent and voluntary."); *id.* at 212 (a court must also make an independent determination about whether a defendant's is competent to proceed pro se).

¶13 I agree with the State's concession and conclude that the circuit court should not have allowed L.J.T. to represent himself at the hearing. In so concluding, I acknowledge the difficult situation that the court was placed in—according to the court, L.J.T. was "very, very adamant, I'll say strident, almost angrily rejecting the assistance of a lawyer at this point." Under the circumstances, the court might have reasonably determined that L.J.T. would continue to disrupt the hearing if he was not allowed to represent himself.[7]

¶14 At the same time, based upon this record, it is not possible to conclude that L.J.T. was competent to represent himself at the hearing. In this situation, the legally required remedy is to reverse the commitment order and remand for a new hearing. *Klessig*, 211 Wis. 2d at 213-14. At that hearing, L.J.T. must not be allowed to proceed pro se unless the circuit court can reasonably determine that he has made a knowing, intelligent, and voluntary decision to waive counsel and that he is competent to represent himself.[8]

---

[7] *See Klessig*, 211 Wis. 2d at 203 ("the interaction [between the right to represent oneself and the right to counsel] 'create[s] somewhat of a dilemma for the trial judge who is confronted with the unusual defendant who desires to conduct [their] own defense'" (second alteration in original)).

I also recognize that, had the circuit court made the opposite decision—that is, had the court refused to accept L.J.T.'s stated desire to represent himself—it is not unlikely that L.J.T. would be challenging that decision on appeal. *See Imani v. Pollard*, 826 F.3d 939 (7th Cir. 2016) (addressing a habeas challenge to a Wisconsin circuit court's decision that denied a defendant's request to represent himself in a criminal proceeding).

[8] Because I conclude that L.J.T. did not validly waive counsel at the competency hearing, I need not address L.J.T.'s alternative argument, which challenged the circuit court's determination that he could be restored to competency within the statutory timeframe.

*By the Court.*—Order reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.